UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES H. LAYMAN,

    Plaintiff,

v.

CLASSIC TRANSPORT, INC.,

    Defendant.

CAUSE NO. 3:19-CV-465 DRL

OPINION & ORDER

On May 16, 2017, James H. Layman says he tripped and fell over an upturned corner of a Cintas mat in the entryway of Classic Transport, Inc.'s office building. Mr. Layman sued Classic Transport for negligence. Classic Transport moved for summary judgment. Mr. Layman didn't respond to the motion. The court now grants summary judgment.

BACKGROUND

On May 15, 2017, an outside contractor from Cintas placed a clean, like-new Cintas mat in the ceramic tiled drivers' entryway of Classic Transport's office building in Elkhart, Indiana [ECF 31-1 ¶¶ 3-4]. At that time, Katrina Jackson was working as a loss prevention manager for Classic Transport [*id.* ¶ 3]. She observed "that the like-new Cintas mat was in good shape and without imperfections, irregularities, or defects" [*id.* ¶ 5]. The mat "was fixed straight in the drivers' entryway near the exterior door lying entirely flat, even, and flush with the floor" [*id.*].

The next day on May 16, 2017, Mr. Layman entered Classic Transport's office building for purposes related to his job orientation for hauling recreational vehicles for Classic Transport [ECF 5 ¶ 4]. When he entered the office, there were about three or four individuals standing in the doorway inside the building [*id.* ¶ 5]. He walked around the individuals and tripped over a buckled-up edge of

the mat located near the doorway [*id.*]. As a result of the fall, he sustained injuries to his left hand, a finger on his left hand, and his hip [*id.* ¶ 8].

Ms. Jackson says at no time prior to Mr. Layman's fall did she have concerns that a corner of the Cintas mat would become upturned or that the Cintas mat would pose a tripping hazard [ECF 31-1 ¶ 6]. She was present in the office building on May 16, 2017, immediately prior to, during, and immediately after Mr. Layman's fall [*id.* ¶ 10]. She had been in the area where Mr. Layman had fallen less than ten minutes before the fall occurred, at which time she inspected the entryway and saw that the mat was "lying entirely flat, even, and flush with the floor" [*id.* ¶ 13].

At the time of Mr. Layman's fall, Ms. Jackson was working near the entryway but was behind a barrier so she could not see the area where he fell [*id.* ¶ 15]. After Mr. Layman fell, she immediately stood up and went to the area to investigate what happened [*id.* ¶ 16]. She encountered Mr. Layman lying on his stomach and observed that a single corner of the Cintas mat closest to the drivers' entryway door was upturned [*id.* ¶¶ 17-18]. She folded back down the upturned corner of the mat and then helped Mr. Layman up off the floor and to a chair [*id.* ¶¶ 20, 22]. The step of folding back down the upturned corner of the mat wasn't taken by a Classic Transport employee before the fall because, to the best of her knowledge, no employee was aware of the presence of any potentially hazardous condition with respect to the mat at any time prior to Mr. Layman's fall [*id.* ¶ 21].

On May 14, 2019, Mr. Layman sued Classic Transport for negligence [ECF 5]. On July 19, 2021, Classic Transport moved for summary judgment, arguing that it lacked actual and constructive knowledge of the alleged hazardous condition of an upturned Cintas mat and requesting judgment in its favor [ECF 32]. After Classic Transport filed its motion for summary judgment, Mr. Layman's counsel filed a motion to withdraw [ECF 36]. The court granted the motion to withdraw and extended the deadline for Mr. Layman to file his response to the motion for summary judgment to October 13, 2021 [ECF 38]. Mr. Layman never filed a response. The motion is now ripe for review.

STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020). The court must construe all facts in the light most favorable to the non-moving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491-92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll. v. Valparaiso Comty. Schs.*, 953 F.3d 923, 924 (7th Cir. 2020).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Nor is the court "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dept. of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011).

Mr. Layman was notified of the summary judgment motion and granted an extension of time to respond to it. His response was due October 13, 2021, but that deadline passed without a response. Pursuant to N.D. Ind. Local Rule 7-1(d)(5), the court may rule summarily if a party fails to timely respond to a motion. "Strict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.* The court still must determine whether the movant is entitled to judgment under the applicable law. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

DISCUSSION

The court (sitting in diversity) applies Indiana's choice of law rules. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Ruiz v. Blentech Corp.*, 89 F.3d 320, 323 (7th Cir. 1996). Classic Transport cites Indiana law. Given no reason to depart from this choice, particularly when Indiana is where Mr. Layman's fall occurred, the court follows suit. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014); *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004).

Mr. Layman claims that Classic Transport's negligence caused his injuries and damages. "To prevail on a theory of negligence, a plaintiff must prove: (1) that the defendant owed plaintiff a duty; (2) that it breached the duty; and (3) that plaintiff's injury was proximately caused by the breach." *Winfrey v. NLMP, Inc.*, 963 N.E.2d 609, 612 (Ind. Ct. App. 2012). "The mere allegation of a fall is insufficient to establish negligence, and negligence cannot be inferred from the mere fact of a fall." *Brown v. Buchmeier*, 994 N.E.2d 291, 294 (Ind. Ct. App. 2013).

Mr. Layman entered Classic Transport's office building for a purpose connected with his job orientation, so he became a business invitee when he entered the building. *See Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012). Classic Transport owed Mr. Layman a duty to exercise reasonable care for his protection while he remained on the premises. *See id.* The Restatement (Second) of Torts § 343 (1965) delineates the duty owed by a landowner to a business invitee:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*Id.* "Each of the three elements must be present." *Waldon v. Wal-Mart Stores, Inc., Store Number 1655*, 943 F.3d 818, 822 (7th Cir. 2019) (applying Indiana law). The first element requires the landowner to have "actual or constructive knowledge of a condition on the premises that involves an unreasonable

risk of harm to invitees." *Id.* (quoting *Pfenning v. Lineman*, 947 N.E.2d 392, 406 (Ind. 2011)). "The issue of whether a duty exists is a question of law for the court to decide." *Lowrey v. SCI Funeral Servs., Inc.*, 163 N.E.3d 857, 861 (Ind. Ct. App. 2021) (citation and internal quotation marks omitted). "Absent a duty, there can be no breach and therefore no liability." *Id.* It is well established in Indiana that landowners "are not insurers of their invitees' safety." *Id.*

At issue here is whether Classic Transport had actual or constructive knowledge of the upturned corner of the Cintas mat that caused Mr. Layman to fall. The affidavit of Ms. Jackson establishes that Classic Transport didn't have actual knowledge of the upturned corner of the mat. Ms. Jackson stated "[a]t no time prior to Mr. Layman's alleged fall was I, nor to the best of my knowledge, was any Classic Transport, Inc. employee aware of or notified of the existence of any potential hazard, danger, or complaint regarding the drivers' entryway, its floor, [or] the particular drivers' entryway Cintas mat present at the time of Mr. Layman's fall" [ECF 31-1 ¶ 9].

Constructive knowledge is present when a condition "has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Schulz*, 963 N.E.2d at 1144 (citation omitted). Notably, Ms. Jackson examined the mat less than ten minutes before the fall occurred, and she observed that it was "lying entirely flat, even, and flush with the floor" [ECF 31-1 ¶ 13]. "Indiana courts consistently grant summary judgment to landowners when, just before a fall, as in this case, an employee inspected a location and found no potential hazard." *Waldon*, 943 F.3d at 823 (affirming summary judgment where employee inspected area approximately five to ten minutes before the fall) (collecting cases); *see also Schulz*, 963 N.E.2d at 1145 (affirming summary judgment where employee observed the area five to ten minutes prior to the fall). Because Ms. Jackson had inspected the mat less than ten minutes before the fall and didn't see any defects, there is no genuine issue of fact as to whether Classic Transport had constructive knowledge of a potentially hazardous condition. In sum,

5

no reasonable jury could find that Classic Transport had actual or constructive knowledge of the upturned corner of the mat, so the court grants summary judgment.

## CONCLUSION

Construing all facts and reasonable inferences in favor of James H. Layman, the court GRANTS Classic Transport's summary judgment motion [ECF 31] and DIRECTS the entry of judgment for Classic Transport. This order terminates the case.

SO ORDERED.

December 8, 2021                         *s/ Damon R. Leichty*
                                         Judge, United States District Court